Cullins v Ihemaguba (2025 NY Slip Op 05878)

Cullins v Ihemaguba

2025 NY Slip Op 05878

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 23688/17|Appeal No. 5014|Case No. 2024-03742|

[*1]Chaniqua Cullins etc., et al., Plaintiffs-Appellants,
v
Michael Ihemaguba, M.D., et al., Defendants, St. Barnabas Hospital, Defendant-Respondent.

Stolzenberg Cortelli LLP, White Plains (Terrence James Cortelli of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, Garden City (Gregory I. Freedman of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about April 22, 2024, which, to the extent appealed from as limited by the briefs, granted defendant St. Barnabas Hospital's motion for summary judgment dismissing the direct negligence claims as against it, unanimously reversed, on the law, without costs, the motion denied to the extent it sought to dismiss the direct negligence claims as against the Hospital, and those claims reinstated as against the Hospital.
Plaintiff mother (plaintiff), who was 28 weeks pregnant, presented to the Hospital's emergency department with medical complications at 9:05 a.m. The attending obstetrician, defendant Dr. Ihemaguba, determined that an emergency Caesarian section was necessary, and the infant plaintiff was delivered at 9:58 a.m. According to plaintiff, delays and failures in medical treatment caused the infant to suffer various injuries, including hypoxic-ischemic encephalopathy and intraventricular hemorrhage, that resulted in global developmental delays, seizure disorder, and permanent neurological injuries. Plaintiff commenced this medical malpractice action against the Hospital and the other physicians and entities who allegedly injured the infant plaintiff during prenatal and neonatal care, alleging both vicarious liability for negligent acts of the Hospital's employees and direct liability for systemic failures in hospital operations, policies, and oversight.
Supreme Court should not have dismissed the claims for direct liability against the Hospital. Defendant Lazaro Lezcano, M.D., the attending neonatologist, testified that at around 1:00 P.M., he ordered a transfusion for packed red blood cells (RBCs) to be administered "over three hours" to the infant. Dr. Lezcano confirmed that "orders for packed RBCs are always stat." Nonetheless, the blood bank told the neonatal intensive care unit (NICU) at approximately 6:37 PM that the blood pack was ready, and the transfusion commenced at approximately 7:00 P.M., almost six hours after the initial order. Under these circumstances, the record presents a triable issue of fact as to whether the Hospital's failure to timely execute the transfusion order contributed to the infant plaintiff's injuries. Furthermore, contrary to the Hospital's argument otherwise, plaintiff did not assert its theory of direct liability for the first time in opposition to the Hospital's summary judgment motion. On the contrary, the complaint and bill of particulars alleged that the Hospital "fail[ed] to timely transfuse" the infant plaintiff; this allegation encompasses the issue of whether the Hospital's blood bank failed to timely supply the blood, and whether the NICU nurses failed to timely follow up with the blood bank and thereafter conduct the transfusion. In any event, even if the allegation in the pleadings was too indefinite to apprise defendants that plaintiff's allegation centered on the handling of the transfusion, the issue was raised during Dr. Lezcano's deposition, and thus, there is no surprise or prejudice to the Hospital (see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]).
Moreover, in determining the motion, Supreme Court should have considered the opinion of plaintiff's expert registered nurse, as the appropriate standard of care governing compliance with transfusion orders and the issue of whether the Hospital deviated from that standard fall squarely within the scope of a nurse's duties and expertise (see Rodriguez v Isabella Geriatric Ctr. Inc., 227 AD3d 485, 485 [1st Dept 2024]). Dr. Lezcano testified that the nurses were responsible for notifying the blood bank of the order, receiving notice of the prepared blood, and informing him of its arrival to the NICU. The expert nurse's affidavit, in turn, helped clarify the responsibilities of the nursing staff in ensuring that orders issued by physicians are properly followed and executed, and explained hospital protocol and nursing responsibilities. This testimony is appropriately considered in determining whether there is a triable issue of fact regarding the Hospital's direct liability in failing to timely transfuse the infant plaintiff (see id.; see also De Long v County of Erie, 60 NY2d 296, 307 [1983]).
The Hospital does not cross-appeal from the portion of the order denying its motion for summary judgment with respect to its vicarious liability for Dr. Lezcano's alleged malpractice. As a result, it cannot properly challenge Supreme Court's determination on that issue. In any event, the Hospital did not meet its prima facie burden on the issue of vicarious liability, as its expert opinions failed to address the relevant allegations. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025